## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, *as subrogee of* KEVIN WHITE, JENNIFER WHITE, AND CAROLYN WHITE, | No. 4:24-CV-01217 <br><br> (Chief Judge Brann) |
|         Plaintiff, | |
|    v. | |
| UNITED STATES OF AMERICA, | |
|         Defendant. | |

### MEMORANDUM OPINION

### MARCH 25, 2025

## I.    BACKGROUND

On December 17, 2022, a driver for the United States Postal Service ("USPS") lost control of her federal vehicle and struck a line of three vehicles owned by Kevin, Jennifer, and Carolyn White ("the Whites").[1] In accordance with their insurance policy with Travelers Home and Marine Insurance Company ("Travelers"), the Whites received compensation for their damaged vehicles.[2] As Travelers is subrogated to the Whites' rights to recover against the United States, it brought suit under the Federal Tort Claims Act. The Government has now moved to dismiss this

---

[1]    Doc. 1 (Compl.) ¶ 15.
[2]    *Id.* ¶¶ 20-21.

case, or in the alternative, for summary judgment.[3] This motion is ripe for disposition; for the reasons that follow, it is granted in part and denied in part.

## II.    STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim."[4] A 12(b)(1) motion can be either a facial or factual attack.[5] The "distinction is significant because, among other things, it determines whether [I] accept as true the non-moving party's facts as alleged in its pleadings."[6] Further, the plaintiff bears the burden of contesting a factual challenge and proving that jurisdiction exists.[7] Here, the United States has launched a factual attack; as such, the Court "may weigh and 'consider evidence outside the pleadings.'"[8] I will therefore consider the materials attached to the Government's Statement of Facts and the supplemental materials requested by the Court on December 17, 2024.

But "[w]hen a factual attack involves 'intertwined' issues of both jurisdiction and merits, a district court must require 'less of a factual showing than would be

---

[3]    Doc. 5 (Motion to Dismiss And/Or For Summary Judgment).
[4]    *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).
[5]    *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).
[6]    *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (citation omitted).
[7]    *Davis*, 824 F.3d at 346.
[8]    *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

required to succeed at trial' to establish jurisdiction."[9] "And if a plaintiff plausibly alleges a basis for jurisdiction, the district court has discretion to order limited discovery to resolve any material factual dispute."[10]

### B.    Federal Rule of Civil Procedure 56

The United States has alternatively moved under Federal Rule of Civil Procedure 56 for summary judgment. Summary judgment is appropriate under Rule 56 where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] Material facts are those "that could alter the outcome" of the litigation, "and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[12] A defendant "meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[13] Conversely, to survive summary judgment, a plaintiff must "point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law."[14]

---

[9]    *Demolick v. United States*, No. 22-10783, 2023 U.S. App. LEXIS 12307, at *4 (3d Cir. May 19, 2023) (quoting *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008)).

[10]    *Id.* (citing *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015)).

[11]    FED. R. CIV. P. 56(a).

[12]    *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010).

[13]    *Clark v. Mod. Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993).

[14]    *Id.*

In assessing "whether there is evidence upon which a jury can properly proceed to find a verdict for the [nonmoving] party,"[15] the Court "must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."[16] Moreover, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the Court may "consider the fact undisputed for purposes of the motion."[17] Finally, although "the court need consider only the cited materials, . . . it may consider other materials in the record."[18]

## III.    RELEVANT FACTUAL BACKGROUND[19]

### A.    The Accident and the Insurance Payout

As noted above, a USPS employee lost control of her federal vehicle and struck three vehicles insured by Travelers: a 2015 Subaru Crosstrek; a 2009 Honda CR-V; and a 2018 Subaru Forester.[20] It is alleged that this employee drove too fast

---

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448 (1871)).

[16] *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).

[17] FED. R. CIV. P. 56(e)(2); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613-14 (3d Cir. 2018).

[18] FED. R. CIV. P. 56(c)(3).

[19] I take the relevant facts from Defendant's Statement of Material Facts and the Complaint. Although Travelers filed a Response in Opposition to the Statement of Material Facts, no citations are provided for its purported denials. Thus, Plaintiff's Response in Opposition "attempts to dispute a fact asserted and supported from the record by Defendant[], without supporting [its] position with a citation to the record." *Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 U.S. Dist. LEXIS 18765, 2015 WL 1034477, at *3 n.3 (D.N.J. Mar. 10, 2015), *aff'd sub nom. Soto-Muniz v. Martin*, 665 F. App'x 226 (3d Cir. 2016). Further, Travelers purported denials are more accurately described as argument.

[20] Doc. 1 (Compl.) ¶ 15-16.

for the conditions and was distracted, preventing her from keeping her vehicle on the road.[21] Travelers subsequently paid $33,857.33 for the damage these vehicles sustained under a single insurance policy.[22] Kevin, Jennifer, and Carolyn White are listed as the policy's "Named Insured[s], and these individuals are also approved drivers."[23]

## B.    The Three Claims

Standard Form 95 ("SF-95") is used to submit a "claim for damage, injury or death" to the appropriate federal agency.[24] This form requires the claimant to identify themselves and the appropriate federal agency; the date and time of the accident; the basis of the claim; the sustained property damage; the sustained personal injury damage or wrongful death; and the total amount of the claim. SF-95 also contains a certification that "the amount of claim covers only damages and injuries caused by the incident" and an "agree[ment] to accept said amount in full satisfaction and final settlement of this claim."[25]

---

[21]   *Id.* ¶ 19.
[22]   *Id.* ¶ 21.
[23]   Doc. 21 (Travelers Policy).
[24]   Doc. 10 (SMF), Ex. A (Jan. 6, 2023 SF-95).
[25]   *Id.*

### 1.    The First Claim

#### a.    The January 6, 2023 SF-95

On January 17, 2023, USPS received Travelers' January 6, 2023 SF-95 concerning the 2015 Subaru Crosstrek ("the First Claim").[26]  Plaintiff described the basis of the First Claim as a "USPS postal truck lost control, and hit our insured's parked, unoccupied car. This accident happened on 12/17/2022 at 1419 Chestnut St, Berwick PA."[27] Kevin White is identified as the owner of the damaged property, with Travelers seeking $2,519.70 for damage to the vehicle's front bumper, grille, and side molding.[28]

#### b.    The February 21, 2023 USPS Settlement Letter

On February 21, 2023, USPS sent Plaintiff a form settlement letter that noted in "two to three weeks the Postal Service Finance Department will be forwarding you a check in the amount of $2,519.70."[29] Below this, the following paragraph was written:

> **The check will be made payable to you and forwarded to your address as shown on the claim form. Acceptance of the enclosed check operates as a complete release of any further claims against the United States Postal Service and against the government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter. Should there be any subrogation**

---

[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] Doc. 10 (SMF), Ex. B (Feb. 21, 2023 USPS Letter).

**claims or liens, or any outstanding indebtedness, they must be satisfied from the proceeds of this check.**[30]

### c.    The First Settlement Check

The check for $2,519.70 was dated February 23, 2023. On March 24, 2023, Travelers deposited this check.[31]

### d.    The Supplemental Request as to the First Claim

In a letter dated March 24, 2023, Travelers indicated that it had made $429.11 in additional payments "to or on behalf of Kevin White" for the 2015 Subaru Crosstrek, bringing the total amount paid "for damages related to this claim to $2,948.81."[32] A check in the amount of $429.11 payable to Travelers was then requested from USPS.[33]

### e.    The May 8, 2023 USPS Letter

In a letter dated May 8, 2023, USPS noted that "[t]he claim you filed pursuant to" the FTCA "has been considered" and noted that "[a] check is enclosed in the amount of $429.11, which is the full amount of the claim submitted."[34] This letter then included the following paragraph:

> Acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States Postal Service, or against the government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter.

---

[30]  *Id.*
[31]  Doc. 10 (SMF), Ex. C (Check No. 0321990834 Remittance).
[32]  Doc. 10 (SMF), Ex. F (Supplemental SF-95).
[33]  *Id.*
[34]  Doc. 10 (SMF), Ex. G (May 8, 2023 USPS Letter).

Any subrogation claims, liens, or any outstanding indebtedness resulting form this incident must be satisfied from the proceeds of this check.[35]

### 2.    The Second Claim

On March 9, 2023, USPS received Plaintiff's February 2, 2023 SF-95 for damage to the 2009 Honda CR-V ("the Second Claim").[36] In this form, Plaintiff described the basis of its claim as a "USPS postal truck lost control and struck our insured's parked, unoccupied cars. Accident happened on 12/17/2022 at 1419 Chestnut [S]t, Berwick, PA."[37] Travelers further noted that "this is an additional claim as two of our insured's vehicles were struck in this accident. I have already sent out the first claim demand on 01/09/2023."[38] Kevin White was again listed as the owner of the damaged property.[39] Travelers requested $8,351.75 for damage to its "insured's drivers side front."[40]

### 3.    The Third Claim

The SF-95 for the 2018 Subaru Forester was dated February 10, 2023 and received by USPS on March 9, 2023.[41] Again, Kevin White was listed as the owner of the damaged property, which was described as the "[f]ront driver's side has

---

[35]  *Id.*
[36]  Doc. 10 (SMF), Ex. E (Feb. 2, 2023 SF-95).
[37]  *Id.*
[38]  *Id.*
[39]  *Id.*
[40]  *Id.*
[41]  Doc. 10 (SMF), Ex. D (Feb. 10, 2023 SF-95).

damages/scrapes, the wheel was knocked off vehicle."[42] The basis of the claim noted that a "USPS postal truck lost control and struck our insured's parked, unoccupied cars. Accident happened on 12/17/2022 at 1419 Chesnut [S]t., Berwick, PA."[43] It further stated: "PLEASE NOTE: there are 3 of our insured's vehicles involved in this collision. The other two 95 forms have been submitted."[44] The Third Claim was worth $22,557.17.[45]

### 4.    USPS Rejects the Second and Third Claims

USPS sent separate letters, both dated October 10, 2023, denying Plaintiff's Second Claim and Third Claim.[46] These letters contained stock language that identified the reason for denial as the purported release of these claims through the acceptance of a check to settle the First Claim.[47] Each letter also identified the relevant USPS File Numbers, TC2023 33410 and TC2023 57735, but noted that Matter Numbers were not provided.[48]

### 5.    Travelers' November 16, 2023 Response

Travelers then replied to USPS on November 16, 2023. The relevant portion of this letter stated:

---

42  *Id.*
43  *Id.*
44  *Id.*
45  *Id.*
46  Doc. 10 (SMF), Ex. I (Oct. 10, 2023 Letter for TC2023 33410), Ex. J (Oct. 10, 2023 Letter for TC2023 57735)
47  *Id.* The Court notes that this letter quotes language that is not present in the February 21, 2023 release letter provided by the United States.
48  *Id.*

I have received your letter dated October 10th, 2023 regarding USPS file # TC202357735. [T]he letter stated you have paid this claim, however the USPS truck involved struck THREE (3) of our insured vehicles so we have 3 separate claims open. You have only made payment on one claim.

We have already sent a demand for our other two vehicles, a 2009 HONDA CR-V and a 2018 Subaru Forester in the appropriate time frame and have NOT received any payment from USPS.

Again, these demands were sent in a timely manner and we are still seeking full reimbursement from USPS for these vehicles mentioned above.[49]

Travelers failed to mention USPS File Number TC2023 33410 in the November 16, 2023 letter.[50]

### 6.    USPS Denial of Reconsideration

Finally, USPS responded with a letter of its own on January 30, 2024, which denied Travelers' request for reconsideration and advised the company of the need to file suit within six months.[51] This letter identified the Matter Number as I1K6245-001 and the USPS File Number as TC2023 57735.[52]

## IV.    DISCUSSION

### A.    The Federal Tort Claims Act

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's

---

[49]    Doc. 10 (SMF), Ex. K (Nov. 16, 2023 Travelers Letter).
[50]    *Id.*
[51]    Doc. 10 (SMF), Ex. L (Jan. 30, 2024 USPS Letter).
[52]    *Id.*

jurisdiction to entertain the suit."[53] A Federal Tort Claims Act ("FTCA") "action against the Government [is] the exclusive remedy for torts committed by Government employees in the scope of their employment."[54] "As with all waivers of sovereign immunity, the FTCA must be strictly construed in favor of the federal government and not enlarged beyond the language of the statute."[55]

Before a plaintiff can bring suit for damages, the FTCA requires a claimant to "have first presented the claim to the appropriate Federal agency" and for the claim to "have been finally denied by the agency in writing."[56] This is a jurisdictional requirement.[57] A FTCA "claim accrues when the injured party learns of the injury and its immediate cause."[58]

Further, Title 28, United States Code, Section 2672 states, in relevant part, that "[t]he acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States . . . by reason of the same subject matter."[59]

---

[53] *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941) (citations omitted).

[54] *United States v. Smith*, 499 U.S. 160, 163, 111 S. Ct. 1180, 113 L. Ed. 2d 134 (1991).

[55] *Donegal Mut. Ins. Co. A/S/O 1st State Comfort LLC v. United States*, No. 22-456 (MN), 2024 WL 1299661, 2024 U.S. Dist. LEXIS 54855, at *4 (D. Del. Mar. 27, 2024) (citing *United States v. Idaho ex rel. Dir., Dep't of Water Res.*, 508 U.S. 1, 7, 113 S. Ct. 1893, 123 L. Ed. 22d 563 (1993)).

[56] 28 U.S.C. § 2675(a).

[57] *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

[58] *Zeleznik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985).

[59] 28 U.S.C. § 2672.

The Postal Service's implementing regulations contains a similar provision, which states:

> "Payment by the Postal service of the full amount claimed, or acceptance by the claimant, his agent, or legal representative, of any award, compromise, or settlement made pursuant to the provisions of the Federal Tort Claims Act, shall be final and conclusive on the claimant, his agent, or legal representative and any other person on whose behalf or for whose behalf the claim has been presented, and shall constitute a complete release of any claim against the United States and against any employee of the Government whose act or omission gave rise to the claim by reason of the same subject matter."[60]

But, as the Third Circuit has noted, Section 2672 "simply codifies certain principles of contract law: if there is 'acceptance by the claimant' of an offer of 'compromise, or settlement' by the government, that acceptance 'shall constitute a complete release.'"[61]

## B.    Subrogation under the Federal Tort Claims Act

"Insurers may bring suit as subrogees under the FTCA."[62] As is the case for any subrogation claim, the insurer stands in the shoes of the insured.[63] Exercising subrogation rights allows an insurance company to "acquire[] rights . . . equal to

---

[60]  39 C.F.R. § 912.14.
[61]  *Macy v. U.S.*, 557 F.2d 391, 394 (3d Cir. 1977).
[62]  *State Farm Mut. Auto Ins. Co. v. United States*, 657 F. Supp. 3d 1211, 1216 (D. Alaska 2023) (citing *United States v. Aetna Cas. & Ins. Co.*, 338 U.S. 380-81, 70 S. Ct. 207, 94 L. Ed. 171 (1949)).
[63]  *E.g.*, *St. Paul Fire & Marine Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.*, 524 F. Supp. 3d 410, 416 (E.D. Pa. 2021).

those of its insured."[64] But these rights "are derivative[;]" Travelers only has the right to enforce its insured's claim against the United States.[65]

## C.   Analysis

### 1.   The Government's Waiver Argument

Federal courts have routinely rejected FTCA claims for personal injury damages when the plaintiff's SF-95 only identified property damage.[66] After all, "[m]ultiple SF-95s based on the same incident do not present distinct claims even if the claimed type of injury in each SF-95 is different."[67] But this does not resolve the key issue before the Court: whether this case involves a single incident that merely encompassed three vehicles or three, distinct incidents.[68]

To answer this question, I interpret the February 21, 2023 Letter under Pennsylvania contract law to first determine the scope of the release.[69] When interpreting a release, the Court is to "give effect to the intentions of the parties"[70] but "the primary source of the court's understanding of the parties' intent must be the document itself."[71] "If 'the language appearing in the written agreement is clear

---

[64]   *Id.*

[65]   *Id.*

[66]   *E.g.*, *Donegal*, 2024 WL 1299661, 2024 U.S. Dist. LEXIS 54855, at *8.

[67]   *Id.* (citing *Broussard v. United States*, 57 F.4th 227, 230 (5th Cir. 2022)).

[68]   I note that the United States does not grapple with this issue at all. Travelers asserts that the case involves three distinct accidents but merely points to the factual allegations to support that proposition.

[69]   *Faison v. United States*, 547 F. App'x 88, 90 (3d Cir. 2013) ("Liability under the FTCA is determined by applying the substantive law of the state in which the injury occurred.").

[70]   *Sparler v. Fireman's Ins. Co. of Newark, N.J.*, 521 A.2d 4 33 (Pa. Super. Ct. 1987) (en banc).

[71]   *Vogel v. Berkley*, 511 A.2d 878 (Pa. Super. Ct. 1986).

and unambiguous, the parties' intent must be discerned solely from the plain meaning of the words used.'"[72] But a contractual term is ambiguous if the term is "reasonably or fairly susceptible of different constructions and [is] capable of being understood in more than one sense."[73]

The February 21, 2023 USPS Letter indicated that "[i]n approximately two to three weeks the Postal Service Finance Department will be forwarding you a check in the amount of $2,519.70."[74] In relevant part, this letter also stated: "[a]cceptance of the enclosed check operates as a complete release of any further claims against the United States Postal Service and against the government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter."[75] Travelers then deposited the check on March 24, 2023.[76]

The language of this release largely mirrors that found in the relevant portion of Title 28, United States Code, Section 2672.[77] Cashing the check therefore serves as the settlement that waives "any further claims" that arose "by reason of the same subject matter." Evidently, the word "claim,"[78] especially once paired with "further,"

---

[72]  *Werner*, 327 A.3d at 298 (quoting *Sensenig v. Greenleaf*, 325 A.3d 654, 659 (Pa. Super. Ct. 2024)).

[73]  *Profit Wize Marketing v. Wiest*, 812 A.2d 1270, 1275 (Pa. Super. Ct. 2002).

[74]  Doc. 10 (SMF), Ex. B (Feb. 21, 2023 USPS Letter).

[75]  *Id.*

[76]  Doc. 20 (United States Supplement).

[77]  In making this observation, I remain cognizant of the Third Circuit's observation in *Macy* that this merely codified certain contract principles. *Macy*, 557 F.2d at 392.

[78]  "When interpreting contracts under Pennsylvania law, courts 'may look to dictionary definitions to' determine the plain meaning of a contract." *Darrington v. Milton Hershey Sch.*, 958 F.3d 188, 195 n.8 (3d Cir. 2020) (quoting *Commonwealth ex rel. Shapiro v. UPMC*, 208

could encompass Travelers' right to recovery as to the single vehicle or all three. The operative portion of the release is therefore the phrase "by reason of the same subject matter."

"Subject matter" is broadly defined by Black's Law Dictionary as "[t]he issue presented for consideration; the thing in which a right or duty has been asserted; the thing in dispute."[79] But USPS has narrowed the relevant subject matter through the use of the adjective "same."[80] This implies a comparison to some other matter, but the standardized letter is devoid of any specific factual references.[81]

Instead, to provide meaning to this phrase, the Court looks to the relevant Claim Number #ITZ2560 and Case Number # 23-00572438A incorporated into the heading of the letter.[82] Based on the limited record before the Court, the only relevant, available document is the January 6, 2023 SF-95.[83] In this form, Plaintiff described the basis of the claim as "[a] USPS postal truck lost control, and hit our insured's parked, unoccupied car."[84] For its sum certain, Travelers requested

---

A.3d 898, 906 (Pa. 2019)). The relevant definition of "claim" in Black's Law Dictionary is "[t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional." Claim, Black's Law Dictionary (12th ed. 2024).

[79] Subject Matter, Black's Law Dictionary (12th ed. 2024).

[80] Same is defined as "identical or equal; resembling in every relevant respect" in Black's Law Dictionary. Same, Black's Law Dictionary (12th ed. 2024).

[81] Doc. 10 (SMF), Ex. (Feb. 21, 2023 USPS Letter).

[82] *Id.*

[83] The Court is able to determine that is the proper SF-95 submitted by Travelers as it references the same Claim Number (#ITZ2560) in its supporting documentation. Doc. 10 (SMF), Ex. A (Jan. 6, 2023 SF-95).

[84] *Id.*

$2,519.70 for "damage . . . to our insured's vehicle's front bumper, grille, and side molding."[85] To support this claim, Plaintiff submitted documentation that directly identified the damaged vehicle as the 2015 Subaru Crosstrek.[86]

The natural conclusion is that the "same subject matter" that governed the release is limited to the 2015 Subaru Crosstrek.[87] No meeting of the minds occurred as to the release of Plaintiff's claims for the remaining two vehicles. The January 6, 2023 SF-95 and the February 21, 2023 settlement offer from USPS are devoid of any reference to these remaining vehicles and their accompanying claims. In fact, the February 2, 2023 and February 10, 2023 SF-95s were not received by USPS until March 9, 2023. This reinforces that there could not have been any meeting of the minds as to the claims of the remaining two vehicles.

To avoid this conclusion, SF-95 itself must compel the Court to treat all three accidents as a single claim. As I have already explained, the word "claim" is very broad and could theoretically encompass three separate accidents. But this breadth is limited by the SF-95's instructions and the claimant's certification which indicate that the claim should be based on "an incident."[88] Incident is defined as "[a] discrete

---

[85] *Id.*

[86] *Id.*

[87] As Plaintiff has noted, the Government certainly could have denied the Supplemental SF-95 it submitted as to this vehicle on March 24, 2023. USPS instead chose to issue additional funds for this claim.

[88] The instructions state, in relevant part, "Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form." Doc. 10 (SMF), Ex. A (Jan. 6, 2023 SF-95). The form further

occurrence or happening; an event, esp. one that is unusual, important or violent" in Black's Law Dictionary.[89]

Under this definition, common sense dictates that three separate incidents occurred. The USPS vehicle separately hit the 2015 Subaru Crosstrek, the 2009 Honda CR-V, and the 2018 Subaru Forester. Although these collisions were likely mere moments apart, they occurred independently of each other. Consequently, they are "discrete occurrence[s]."[90] Acceptance of the check, then, waived further claims for damage related to the individual accident involving the 2015 Subaru Crosstrek, not the accidents regarding the remaining two vehicles.

Finally, I observe that this conclusion is consistent with the FTCA caselaw cited by the Government. These cases all seemingly involve the following pattern: (1) a single accident occurred that resulted in the plaintiff suffering both personal injuries and property damage; (2) the plaintiff settled a property damage claim from that accident with the Government; and (3) in doing so, the plaintiff inadvertently

---

reads "A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESNTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES." *Id.* Finally, claimants must "certify that the amount of claim covers only damages and injuries caused by the incident above and agree to accept said amount in full satisfaction and final settlement of this claim." *Id.*

[89]  Incident, Black's Law Dictionary (12th ed. 2024).
[90]  *Id.*

waived his claim to personal injury damages. Unlike the present circumstances, a meeting of the minds occurred as to the waiver of the personal injury damages. All damages, both personal and property, flowed from the same subject matter: the single accident. By settling the property damage claim, the plaintiff waived any further claims by reason of the same subject matter. If a plaintiff mistakenly believed he could still bring a personal injury claim, that was merely a unilateral mistake. The scope of the release remained unaltered.

### 2.    The Government's Alternative Arguments

In the alternative, the United States asserts that the references to the First Claim and Second Claim should be stricken from the Complaint as the First Claim has been released and the Second Claim is untimely.

### a.    Strike the References to the First Claim

The United States argues that the Court should strike references to the First Claim in the Complaint. Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[91] "The purpose of a Rule 12(f) motion is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'"[92] "Motions to strike are not meant to determine disputed and

---

[91] Fed. R. Civ. P. 12(f).

[92] *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015) (quoting *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012)).

substantial questions of law."[93] "In proceeding on a motion to strike for relevancy, the movant must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial."[94]

It is beyond dispute that Travelers settled the First Claim and released all further claims related to the 2015 Subaru Crosstrek. Consequently, I find it appropriate to strike: (1) the reference in Paragraph 21 to the requested $2,948.41 (Claim No. ITZ2560), with the total damages requested adjusted downwards accordingly and (2) the $2,948.41 included in Plaintiff's demand at the end of the Complaint, again adjusting this figure downwards accordingly.

### b.    Dismiss the Second Claim as Untimely

Under Title 28, United States Code, Section 2401(b) "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."[95] "The FTCA's requirement that a claimant file a suit within six months of the

---

[93]    *Id.* (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993)).

[94]    *Id.* (citing *River Rd. Dev. Corp. v. Carlson Corp-Northeast*, 1990 U.S. Dist. LEXIS 6201, 1990 WL 69085, at *7 (E.D. Pa. May 23, 1990)).

[95]    28 U.S.C. § 2401(b).

agency's denial of an administrative claim is entitled to strict construction."[96] The Supreme Court of the United States has held that this is not a jurisdictional requirement but rather a procedural bar.[97]

Under the Government's argument, the claim associated with USPS File Number TC2023 33410 is untimely as the final denial occurred on October 10, 2023 and the six-month statute of limitations expired on April 10, 2024. Plaintiff's response contends that the January 30, 2024 denial operates as a final denial of both the Second and Third Claims. But, as Plaintiff raised in its Brief in Opposition, USPS and Travelers communicated about this reconsideration. The Court lacks these communications, which would likely inform its interpretation of the relevant letters. To avoid a premature dismissal for a failure to comply with the statute of limitations, I will deny the United States' motion without prejudice and permit discovery to proceed.[98]

---

[96] *Young v. United States*, No. 18-2338 (CCC), 2019 WL 3451565, 2019 U.S. Dist. LEXIS 127971, at *3 (D.N.J. July 31, 2019) (citing *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010)).

[97] *Davenport v. United States*, 2015 U.S. Dist. LEXIS 88303 (M.D. Pa. July 8, 2015) (citing *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015)).

[98] In doing so, I note that "in certain circumstances courts have indicated that continuances would be proper even though [Federal Rule of Civil Procedure 56(d)] had not been formally complied with when the court concluded that the party opposing summary judgment had been diligent and had acted in good faith." CHARLES A. WRIGHT & ARTHUR R. MILLER, 10B FED. PRAC. & PROC. § 2740 (4th ed.). As Travelers raised in its Brief in Opposition, substantial discovery has not occurred in this case. Despite the failure to formally comply with Rule 56(d), I find it appropriate to deny Defendant's motion without prejudice to allow discovery to proceed and the record on this subject to be developed.

## V.    CONCLUSION

Based on the above, the United States of America's Motion to Dismiss and/or For Summary Judgment is denied without prejudice. But certain allegations in the Complaint are to be stricken, as discussed herein.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge